Gerrit M. Pronske
State Bar No. 16351640
Rakhee V. Patel
State Bar No. 00797213
Christina W. Stephenson
State Bar No. 24049535
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
(214) 658-6500 - Telephone
(214) 658-6509 – Telecopier
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com
Email: cstephenson@pronskepatel.com

**COUNSEL FOR DEBTOR**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **PM TRANSPORTATION, LLC,** | § | |
| | § | **CASE NO. 09-37581-BJH-11** |
| | § | |
| Debtor. | § | **Chapter 11** |
| | § | |

## DEBTOR'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT AGREEMENT WITH ENTERPRISE BANK & TRUST

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TX 75242-1496, BEFORE CLOSE OF BUSINESS ON FEBRUARY 18, 2010, WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING**

**THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE BARBARA J. HOUSER,
UNITED STATES CHIEF BANKRUPTCY JUDGE:

PM Transportation, LLC, Debtor in the above-styled bankruptcy case (the "Debtor") hereby files this its *Motion to Approve Compromise and Settlement Agreement with Enterprise Bank & Trust* (the "Motion") pursuant to 11 U.S.C. § 105 (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 9019, and in support thereof respectfully represents as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b).  This matter is a core proceeding and the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested herein are 11 U.S.C. §105(a) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9019.

## II.    BACKGROUND

3.    The Debtor filed a Voluntary Petition under Chapter 11 of Title 11 of the Bankruptcy Code on November 3, 2009 (the "Petition Date").  Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and manage its property as a debtor in possession.

4.    No trustee or examiner has been appointed in the Debtor's Chapter 11 bankruptcy proceeding, nor has a creditors' committee or other official committee been appointed pursuant to 11 U.S.C. § 1102.

5.    Debtor is the owner of two aircraft: 1) a North American NA-265-40 Aircraft, serial # 282-38, with FAA Registration No. N339PM; and 2) a Rockwell International NA265-65 Aircraft, serial # 465-20, with FAA Registration No. N173A.  This bankruptcy was filed

because of the Debtor's immediate cash flow concerns amidst the country's credit crisis. In an effort to allow the Debtor additional time to explore either a) selling the aircraft or b) refinancing the loan on one of the aircraft, the Debtor determined that this filing was necessary.

6. On or about November 23, 2009, Enterprise Bank & Trust ("Enterprise") filed its *Motion for Relief from the Automatic Stay, or, in the Alternative, for Adequate Protection* (the "Stay Motion") (Docket No. 17).

### III.    RELIEF REQUESTED

7. The Debtor and Enterprise desire to avoid the expense, inconvenience, delay and uncertainty of litigation by compromising and settling the claims and disputes arising under the promissory note (the "Note") and Aircraft Security Agreement (the "Security Agreement") executed on November 1, 2006 pursuant to which Enterprise made a loan to the Debtor in the amount of $1,966,400.00. In exchange, the Debtor granted Enterprise a continuing security interest in certain collateral consisting of a Rockwell International NA-265-65 aircraft with FAA Registration Number N173A (Serial Number 465-20) (the "Aircraft"). As of the Petition Date, Enterprise had a valid and enforceable first-priority security interest in the Aircraft. The Debtor and Enterprise seek authority to settle any claims arising under the Note and/or Security Agreement pursuant to the terms and conditions set forth in the proposed Settlement and Release Agreement, a form of which is attached hereto as **Exhibit "A."**

8. The Debtor requests by this Motion approval of its entry into the Settlement and Release Agreement with Enterprise. The key terms of the Settlement and Release Agreement state that the Debtor will, in full satisfaction of the Note: (i) surrender the Aircraft to Enterprise; (ii) transfer the other, smaller aircraft, described more specifically as a North America NA-265-40 Aircraft with FAA Registration Number N339PM (Serial Number 282-38) (the "Second

Aircraft") to Enterprise; and (iii) surrender, with respect to the Aircraft and Second Aircraft, all associated engines avionics, all log books, manuals, flight records, maintenance records, inspection reports, airworthiness certificates, and other historical records or information.  In exchange, Enterprise will deem all obligations due and owing under the Note to be satisfied in full, and will not seek satisfaction of a deficiency claim.  On or before the Effective Date of the Settlement and Release Agreement, the Debtor agrees to deliver all log books, manuals, flight records, maintenance records, inspection reports, airworthiness certificates, and other historical records or information related to the Aircraft and Second Aircraft to Enterprise Bank & Trust, c/o James Tighe, 150 North Meramec Avenue Clayton, MO 63105.

9. The terms of the Settlement and Release Agreement are fair, and the product of arm's-length negotiations between counsel for the Debtor and counsel for Enterprise.  They will result in the satisfaction of all secured claims against the Debtor, as well as the release of any unsecured claims Enterprise may have had against the Debtor, to the extent the value of Aircraft was insufficient to satisfy Enterprise's secured claim in full.[1]  Not including unsecured claims owed to insiders, it is likely that Enterprise's unsecured deficiency claim is the Debtor's largest.

10. Federal Rule of Bankruptcy Procedure ("FRBP") 9019(a) provides that "on motion by the [debtor-in-possession] and after a hearing on notice to creditors…the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).  Approval of the compromise is specifically "committed to the sound discretion of the Bankruptcy Court." *River City v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980).

---

[1] The parties herein have disputed the "value" of the Aircraft.  However, given the present economic reality, the Debtor is willing to concede that sale of the Aircraft today would be unlikely to realize proceeds sufficient to pay the Note in full.

**DEBTOR'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT AGREEMENT WITH ENTERPRISE BANK & TRUST – PAGE 4**
SLC-3457056-3

11. The Settlement and Release Agreement meets the standards set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, *reh'g denied*, 391 U.S. 909 (1968). In *Anderson*, the United States Supreme Court stated that the following factors are to be considered in determining the appropriateness of a compromise:

   a. The probabilities of ultimate success should the claim be litigated;

   b. An educated estimate of (i) the complexity, expense, and likely duration of such litigation, (ii) the possible difficulties of collecting on any judgment which might be obtained, and (iii) all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

   c. The comparison of the terms of the compromise with likely rewards of litigation

*Anderson*, 390 U.S. at 424-25.

12. Further, in *In re Jackson Brewing*, the Fifth Circuit echoed these factors and specified other considerations such as: (i) uncertainties of fact and law which impact the probability of success and litigation, and (ii) delay and inconvenience which impacts complexity/duration of the litigation.

13. The Settlement and Release Agreement clearly meets the standards established by the United States Supreme Court and Fifth Circuit. Entering into the Settlement and Release Agreement allows the Debtor to avoid an expensive and lengthy battle with Enterprise over the value of the Aircraft in connection with Enterprise's Stay Motion. The Settlement and Release Agreement will allow the Debtor to resolve the entire debt of the major party in interest in this case, saving a substantial amount of time and money in the process.

14.     The terms of the Settlement and Release Agreement are favorable compared to possible rewards of continued litigation.  Even if the Debtor were to prevail against Enterprise on the Stay Motion, the Debtor would still have to find a way to liquidate the Second Aircraft in order to pay for routine maintenance on the Aircraft, insurance and other necessary expenses.  In the current economic climate, the likelihood that the Debtor would be able to realize sufficient value from the Second Aircraft is uncertain at best.  Because the outcome is uncertain, both parties are better served by entering the Settlement and Release Agreement because the outcome is known, as compared to continued litigation where the outcome is uncertain.  Thus, the Settlement and Release Agreement should be approved.

WHEREFORE PREMISES CONSIDERED, the Debtor requests that this Court enter an order authorizing the Debtor to enter into the Settlement and Release Agreement with Enterprise and that the Debtor be granted such other and further relief to which it may be justly entitled.

Dated: January 25, 2010

Respectfully submitted,

/s/ _Christina W. Stephenson___
Gerrit M. Pronske
Texas Bar No. 16351640
Rakhee V. Patel
Texas Bar No. 00797213
Christina W. Stephenson
Texas Bar No. 24049535
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
Telephone: 214.658.6500
Facsimile: 214.658.6509
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com
Email: cstephenson@pronskepatel.com

**COUNSEL FOR DEBTOR**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on January 25, 2010 I caused to be served the foregoing pleading upon the parties on the Master Service List attached hereto via the Court's electronic transmission facilities and/or United States mail, first class delivery.

/s/ Christina W. Stephenson\_\_\_
Christina W. Stephenson