# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into by and among PM Transportation, LLC (hereinafter "PM Transportation") and Enterprise Bank & Trust, (hereinafter "Enterprise").

WHEREAS, Enterprise filed its *Motion for Relief from the Automatic Stay, or, in the Alternative, for Adequate Protection* (the "Stay Motion") (Docket No. 17) against PM Transportation in PM Transportation's bankruptcy case, pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, Case Number 09-37581-BJH-11 on or about November 23, 2009; and

WHEREAS, the Stay Motion seeks relief from the automatic stay to allow Enterprise to exercise its state law and contractual rights and remedies with respect to the Collateral;[1] and

WHEREAS, Enterprise has agreed to compromise and settle all of its claims and disputes arising under the Note and the Security Agreement which have been or may be asserted before the date of execution of this Agreement, including any liability arising from any guaranties issued and related thereto, for consideration including the Aircraft and North America NA-265-40 Aircraft with FAA Registration Number N339PM (Serial Number 282-38) (the "Second Aircraft"), to fully and finally dispose of all matters in controversy between PM Transportation and Enterprise, which arise out of the Note and the Security Agreement and any amendments thereto, with costs of Court to be assessed against the party incurring same; and

WHEREAS, PM Transportation and Enterprise desire to avoid the necessity, expense, inconvenience, and uncertainty of litigation and resolve and settle all claims and disputes

---

[1] Terms not defined herein shall have the meanings ascribed to them under the promissory note (the "Note") and Aircraft Security Agreement (the "Security Agreement") executed on November 1, 2006 pursuant to which Enterprise made a loan to PM Transportation in the amount of $1,966,400.00 and PM Transportation granted Enterprise a continuing security interest in certain collateral consisting of a Rockwell International NA-265-65 aircraft with FAA Registration Number N173A (Serial Number 465-20) (the "Aircraft").

**SETTLEMENT AND RELEASE AGREEMENT – PAGE 1 OF 6**

SLC-3457069-4

between them arising out of, or in any way related to the Note and the Security Agreement, as well as the Stay Motion and the Bankruptcy Case and to buy peace.

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS:

1. <u>Payment</u>. Within fifteen (15) days of an order of the Bankruptcy Court granting the *Debtor's Motion to Approve Compromise and Settlement Agreement with Enterprise Bank & Trust* being final and non-appealable, PM Transportation shall transfer to Enterprise the Aircraft and the Second Aircraft, including the associated engines and avionics, all log books, manuals, flight records, maintenance records, inspection reports, airworthiness certificates, and other historical records or information related to the Aircraft and the Second Aircraft within the possession, custody or control of PM Transportation (collectively, the "Settlement Payment"). PM Transportation shall deliver the log books, manuals, flight records, maintenance records, inspection reports, airworthiness certificates, and other historical records or information related to the Aircraft and Second Aircraft to Enterprise Bank & Trust, c/o James Tighe, 150 North Meramec Avenue Clayton, MO 63105.

2. <u>Effective Date</u>. The effective date of this Agreement (the "Effective Date") shall be the later of: (i) 15 days after the entry of the order approving the Agreement, which order shall not have been appealed or stayed; and (ii) three (3) days after transfer to Enterprise Bank& Trust of title and possession to the Aircraft and Second Aircraft, including associated engines and avionic and all log books, manuals, flight records, maintenance records, inspection reports, airworthiness certificates, and other historical records or information related to the Aircraft and Second Aircraft.

3. <u>Representation and Warranty</u>.    PM Transportation represents and warrants to Enterprise that PM Transportation owns the Second Aircraft, has good marketable title to the Second Aircraft and that the Second Aircraft is unencumbered by any liens.

4. <u>Mutual Releases</u>.    As of the Effective Date, Enterprise and its employees, officers, directors, agents, representatives, servants, associated entities, shareholders, attorneys, successors, assigns, and insurers, for and in consideration of the Settlement Payment, hereby release and discharge PM Transportation, and its employees, officers, directors, agents, representatives, servants, associated entities, shareholders, attorneys, successors, assigns, and insurers of and from any and all claims, causes of action, demands, liabilities, or suits of any kind or character as of the Petition Date arising under the Note and the Security Agreement, the Stay Motion and the Bankruptcy Case, including any and all guaranties issued or related thereto, including without limitation, any Commercial Guaranty of Peter R. Morris or PRCore, LLC, now owned, held or possessed by Enterprise, including any and all known or unknown damages, any claims which were brought or could have been brought as of the Petition Date, whether based in contract, tort, by statute, regulation, ordinance or any other legal theory of recovery, and whether presently known or unknown, whether for compensatory, exemplary, punitive, statutory, or any other damages, penalties, costs, equitable relief, or interest; provided however, that nothing herein shall constitute a release of Enterprise of any breach of this Agreement.

5. As of the Effective Date, PM Transportation and its employees, officers, directors, agents, representatives, servants, associated entities, shareholders, attorneys, successors, assigns, and insurers, for and in consideration of the mutual promises contained herein, receipt of which is hereby acknowledged, hereby release and discharge Enterprise, and its employees, officers, directors, agents, representatives, servants, associated entities, shareholders,

**SETTLEMENT AND RELEASE AGREEMENT – PAGE 3 OF 6**

SLC-3457069-4

attorneys, successors, assigns, and insurers of and from any and all claims, causes of action, demands, liabilities, or suits of any kind or character now owned, held or possessed by them, including any and all known or unknown damages, any claims which were brought or could have been brought, whether based in contract, tort, by statute, regulation, ordinance or any other legal theory of recovery, and whether presently known or unknown, whether for compensatory, exemplary, punitive, statutory, or any other damages, penalties, costs, equitable relief, or interest; provided however, that nothing herein shall constitute a release of Enterprise of any breach of this Agreement.

6. <u>Representations and Warranties</u>.

   a. <u>Ownership of Released Claims</u>. Enterprise and PM Transportation represent and warrant that they and no one else own the claims they are releasing in this document and that they have not assigned or otherwise encumbered all or any portion of their interest in such claims to others.

   b. <u>Capacity</u>. Enterprise and PM Transportation represent and warrant that they have the capacity to enter into this Agreement.

7. <u>Understanding of Agreement</u>.  PM Transportation and Enterprise represent that they have made a full and complete investigation of their rights in this matter and have been advised by their chosen attorneys in this cause of the legal effect of their signatures on this document.  PM Transportation and Enterprise represent and warrant that they have read the above and foregoing Agreement, and fully understand its contents.

8. <u>Dismissal of the Stay Motion and Related Litigation</u>.  In consideration of the Settlement Payment, Enterprise shall, immediately upon the Effective Date, dismiss the Stay Motion with prejudice to re-filing same. Additionally, and in consideration of the Settlement

Payment, Enterprise shall, immediately upon the Effective Date, dismiss the *Petition to Collect on Guaranties* pending in the Circuit Court of the County of St. Louis, State of Missouri, Case No. 09SVCC05209 against Peter R. Morris and PRCore, LLC, with prejudice to re-filing same.

9. Choice of Law. This Agreement shall be construed and interpreted in accordance with the laws of the State of Texas. Jurisdiction to enforce this Agreement shall remain with United States Bankruptcy Court for the Northern District of Texas, Dallas Division. Venue regarding any litigation as to any breach of the terms of this Agreement shall lie exclusively with the Bankruptcy Court for the Northern District of Texas, Dallas Division. The parties further agree that should any part of this Agreement be declared or determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the parties intend the legality, validity, and enforceability of the remaining parts shall not be affected thereby, and said illegal, invalid or unenforceable part shall be deemed not to be a part of this Agreement.

10. Binding Effect. This Agreement will inure to the benefit of and be binding on PM Transportation and Enterprises, as well as their employees, officers, directors, agents, representatives, servants, associated entities, shareholders, attorneys, successors, assigns, and insurers.

11. Contractual Terms. The terms of the Agreement are contractual and not a mere recital.

12. Multiple Counterparts. It is understood and agreed that this Agreement may be executed in identical counterparts, each of which shall be deemed an original for all purposes.

Executed this ____ day of _____, 2010.

_____
Authorized representative of Enterprise Bank & Trust

Name:
Title:


_____
Authorized representative of PM Transportation, LLC

Name:
Title:

**SETTLEMENT AND RELEASE AGREEMENT – PAGE 6 OF 6**

SLC-3457069-4